IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 00-40089-01-JAR |
| ) | 11-4157-JAR |
| SCOTT ALLEN WALKER, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Scott Allen Walker's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc. 66). Petitioner claims that his counsel provided ineffective assistance. The Government has responded, and Petitioner has filed multiple replies. After a careful review of the record and the arguments presented, the Court denies Petitioner's motions without further evidentiary hearing because the motion was not filed within the applicable statute of limitations.

**I.    Legal Standards**

Under 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . .

An evidentiary hearing must be held on a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1] Petitioner must allege facts which, if proven, would warrant relief from his conviction or sentence.[2] An evidentiary hearing is not necessary where the factual allegations in a § 2255 motion are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

Finally, Petitioner appears *pro se*. Therefore, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[4] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[5] It is not, however, "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[6] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[7]

---

[1] 28 U.S.C. § 2255(b)

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995).

[3] *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Hatch*, 58 F.3d at 1471 ("the allegations must be specific and particularized, not general or conclusory"); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims which are merely conclusory in nature and without supporting factual averments).

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] *Id*.

[6] *Id*.

[7] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

**II. Statement of the Case and Procedural Background**

On October 11, 2000, a grand jury charged Petitioner in a 42-count Indictment with 26 counts of robbery in violation of 18 U.S.C. § 1951, 15 counts of possessing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), and 1 count of receiving a firearm while under indictment in a state court for crimes punishable by a term of imprisonment exceeding one year in violation of 18 U.S.C. § 922(n).

On May 14, 2001, Petitioner entered a guilty plea to Count 18 of the Indictment, charging robbery in violation of 18 U.S.C. § 1951. In exchange for this plea, the Government moved to dismiss the remaining counts of the Indictment, and the Court dismissed Counts 1 through 17 and 19 through 42. On August 22, 2001, the Court sentenced Petitioner on Count 18 to 240 months of imprisonment. The Court entered Judgment on September 5, 2001. Petitioner did not appeal his conviction or sentence.

On November 7, 2011, over ten years after the Court entered Judgment, Petitioner filed the instant § 2255 motion. Petitioner cites five grounds for habeas relief. For two of the grounds, Petitioner argues that Count 42 was a "non-offense" and thus Count 42 should be dismissed. The Court need not consider these two grounds for relief because Petitioner was not convicted on Count 42 in the Indictment. In fact, the Judgment against Petitioner, entered on September 5, 2001, shows that the Court dismissed Count 42 of the Indictment on motion of the Government. In the remaining three of the grounds for relief, Petitioner argues that counsel provided ineffective assistance because counsel did not inform Petitioner that his conviction for Count 18 was barred by double jeopardy, that Count 18 involves an illegal statute, and that Petitioner was denied his right to a hearing before being transferred from state to federal custody.

**III.    Discussion**

The Government argues that Petitioner's motion is time-barred. A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief.[8] This statute provides that a defendant has one year from the date that his judgment of conviction became final to file his § 2255 motion.[9]  "[A] criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."[10]  "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."[11]

In this case, Petitioner did not file an appeal after the September 5, 2001 Judgment. So his judgment of conviction became final upon expiration of the time in which to take a direct appeal. Petitioner had ten days, excluding weekends and holidays, to file his Notice of Appeal,[12] and so his conviction became final on September 19, 2001, and the statute of limitations expired on September 19, 2002. Petitioner, however, filed his motion on November 7, 2011. Thus, his § 2255 motion is untimely under the AEDPA.

Petitioner recognizes that his § 2255 motion is untimely under § 2255(f)(1) but asserts

---

[8]*See* 28 U.S.C. § 2255(f).

[9]*Id*. § 2255(f)(1).

[10]*United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)).

[11]*Id.* at 1227–28.

[12]Fed. R. of Crim. P. 4(b)(1)(A)(i) (2001).

4

that his nine-year delay was caused by his mental disabilities and that he only recently became aware of all evidence needed for his § 2255 motion.[13] The Court finds Petitioner's arguments unpersuasive. First, Petitioner is not entitled to equitable tolling for his mental disabilities. "AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'"[14] Generally, to justify equitable tolling, a petitioner must establish that he has been diligent in pursuing his rights and "'that some extraordinary circumstance stood in his way.'"[15] "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not 'capable of pursuing his own claim' because of mental incapacity."[16] Petitioners bear a strong burden to show specific facts that support the claim of exceptional circumstances.[17] Generally, allegations of mental incompetence alone are insufficient to justify equitable tolling of the statute of limitations.[18]

To justify equitable tolling, Petitioner does not claim that he was adjudicated incompetent or that he was institutionalized for mental incapacity. Instead, to prove that he is unable to pursue his own claim, Petitioner argues that he "has a learning disability, and has a

---

[13]Petitioner clarified that he is not claiming "actual innocence."

[14]*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[15]*Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327 (2007)).

[16]*Wiegand v. Zavares*, 320 F. App'x 837, 839 (10th Cir. 2009) (quoting *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)).

[17]*Yang*, 525 F.3d at 928.

[18]*Wiegand*, 320 F. App'x at 839.

hard time staying focused for he is mentally challenged with A.D.H.D."[19] This explanation, however, is insufficient to allow Petitioner to meet his heavy burden to show exceptional circumstances. Accordingly, the Court finds that Petitioner has not met his burden to show specific facts of exceptional circumstances that justify equitable tolling of the statute of limitations.

The Court also finds that Petitioner has not met his burden to show that his motion is timely under § 2255(f)(4) for newly discovered evidence. Under § 2255(f)(4), if new evidence is discovered, the one-year limitation shall run from "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[20] Petitioner asserts that he "filed his 2255 on Nov. 7th 2011, for it took movant more than 9 years to find out all that he was looking for to file his 2255"[21] and that he "just became aware of all evidence that he presented in his 2255."[22] Specifically, Petitioner contends that he only recently discovered the fact that his state case involving the same underlying conduct as his federal convictions was dismissed on October 17, 2000, well before he pleaded guilty to Count 18 on May 14, 2001. Petitioner, however, has not shown why he could not have discovered this information earlier, except to say that he had to investigate the matter himself without help from counsel. This explanation is insufficient to show that the information could not have been discovered years ago, at the time of conviction or any time thereafter, through the exercise of due

---

[19] Pet'r's Reply, Doc. 70 at 2.

[20] 28 U.S.C. § 2255(f)(4).

[21] Doc. 70 at 1–2.

[22] *Id.* at 2.

6

diligence. Thus, this "newly discovered evidence" is insufficient to make § 2255(f)(4) available to extend the limitations period.

Petitioner also claims that he only just discovered that he was convicted under an illegal statute because the offense in Count 18 had no effect on interstate commerce and thus the federal government had no jurisdiction. He also argues that he recently discovered that double jeopardy bars his prosecution in federal court for Count 18. As a final argument, he claims that he just discovered that he had a right to petition the Governor of Kansas for denial of the request to transfer him to federal custody. With these arguments, Petitioner "does not actually point to any *facts* that he could not have discovered at the time of his conviction that serve as the basis of his ineffective assistance of counsel claim. Rather, he points to *laws* that he did not discover."[23] "But the availability of a Section 2255(f)(4) limitation period is expressly limited to cases were 'facts'—not law—are newly discovered."[24] "'[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.'"[25] Thus, Petitioner has not presented any newly discovered evidence that could not have been discovered with due diligence at the time of his conviction or shortly thereafter.[26] Therefore, even under § 2255(f)(4), Petitioner's motion is untimely, and the Court denies it as such.

V.   **Certificate of Appealability**

---

[23]*United States v. Azubuike*, 267 F. App'x 731, 732 (10th Cir. 2008).

[24]*Id.*

[25]*Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

[26]The other "newly discovered evidence" that Petitioner cites only affects Count 42, which has already been dismissed.

Rule 11 of the of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[27] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[28] When the adverse finding is based on procedural grounds, the petitioner must also show "'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"[29] While Petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith."[30] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[31] For reasons detailed above, Petitioner has not show that reasonable jurists would find that the Court's assessment that his claim is time-barred debatable or wrong, and the Court therefore denies a COA.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody (Doc.

---

[27] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[28] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[29] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[30] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[31] *Id.* at 336.

66) is **DENIED**.

  **IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

  **IT IS SO ORDERED**.

Dated: May 9, 2012

                  S/ Julie A. Robinson
                 JULIE A. ROBINSON
                 UNITED STATES DISTRICT JUDGE